IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL HALL, and ELIJAH UBER
a/k/a Elijah Hall, and their marital
community; and AMIE GARRAND and
CAROL GARRAND and their marital
community,

                   Plaintiffs,

     vs.

BNSF RAILWAY CO., a Delaware
corporation,

                Defendant.

No. _____

INDIVIDUAL AND
COLLECTIVE

COMPLAINT FOR
NONPAYMENT OF WAGES
UNDER EQUAL PAY ACT

COME NOW the plaintiffs and through counsel allege as follows:

**INTRODUCTION**

1.     This is a claim under the federal Equal Pay Act 29 USC §206(d)(1), §216 and related sections, for sex based discrimination by defendant BNSF Railway Co. (BNSF), which refuses and fails to pay for the spousal health care costs of its employee, locomotive engineer/plaintiff Michael Hall, who is married to Elijah Uber (also known as Elijah Hall) who is also male.  The failure to pay is based on sex because BNSF does pay for spousal health needs for employees, and locomotive engineers, if the employee is a *female* married to a male spouse, but does not pay for Elijah's health needs because Michael Hall is male  -- and not female  --

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 1

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

married to a male (Elijah).  The denial of the same benefit to employee Michael Hall because he is *male* and not female is discrimination in pay or benefits based on sex that is per se illegal. Similarly, BNSF denies spousal health care coverage to its employee conductor Amie Garrand solely because she is a female married to a female (Carol Garrand) and not a male married to a female.  BNSF commonly pays the benefit to employees who are males, who are married to female spouses.   The denial of the spousal health care benefits to Amie Garrand because she is *female* and not male is discrimination in pay and benefits based on sex, and this discrimination is illegal under the Equal Pay Act.

2.    BNSF's stated policy and reason for not paying the benefits is "marriage is between one man and one woman" -- but BNSF does not get to judge what marriage is.  That the denial of equal pay is based on this BNSF policy only shows BNSF is discriminating based on the sex of the employee.

3.    The Halls and the Garrands sue to compel BNSF to provide Michael Hall and Amie Garrand the spousal health care benefit and also to compel BNSF to provide this benefit to all other employees similarly situated, i.e.,  BNSF engineers, conductors or other employees who were married in other states with legal same sex marriage and who have been denied the benefit based on the sex of the BNSF employee.  The plaintiffs here also seek all damages and liquidated damages allowed under the statute, fees and costs, and injunctive relief to prevent future similar violations of the Equal Pay Act. .

4.    On information and belief, there are numerous or hundreds of other BNSF employees or engineers or conductors in legal same sex marriages who are similarly situated and who are being denied spousal health care benefits based on the sex of the employee in the states where BNSF operates that have legal same sex marriage (Washington, Minnesota, Iowa, Illinois

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 2

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

and California, Illinois, and New Mexico) (or who had legal marriages in any state or

jurisdictions with same sex marriage and who work anywhere for BNSF).

**PARTIES, JURISDICTION, VENUE**

5.      Plaintiff incorporates and re-alleges herein all other allegations of this complaint.

6.      This case arises under 29 USC §206 and 216 and related sections and federal

question jurisdiction is present in this Court under 28 USC § 1331.

7.      Michael Hall and Elijah Uber (also known as Elijah Hall and referred to herein as

Elijah Hall) are males residing in Pierce County, Washington who legally married in Washington

State on January 21, 2013. Amie Garrand and Carol Garrand are females who are residents of

Clark County, Washington who were legally married in Washington State on February 17, 2013.

Michael Hall and Amie Garrand are BNSF employees.

8.      BNSF is a Delaware corporation doing business in Washington State and in

Seattle city limits and in this judicial District and is subject to personal jurisdiction here.

BNSF's principal place of business in Washington State is in Seattle in King County where it has

offices.  A BNSF supervisor told Michael Hall his fight for the benefits would be long and

bumpy (i.e., BNSF would deny the benefit) from the BNSF terminal where Hall works in Seattle

in King County, Washington.

9.      Venue is proper in the Western District of Washington under 28 USC § 1391

because plaintiffs reside in this district, a substantial part of the events or omissions giving rise to

the claim occurred in this district where BNSF management offices exist, and BNSF resides in

this judicial district since it does business here and has its principal place of business in the State

here, and has contacts here sufficient to subject it to personal jurisdiction if this district were a

separate State; and because this is the district with which BNSF has the most significant contacts

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 3

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

in this State, and its principal place of business, having its NW Division headquarters in Seattle, in King County Washington.   The Seattle court is also proper under the local rules because all defendants reside here and have their principal place of business here and or a substantial part of the events or omissions giving rise to the claim occurred here, including the Seattle terminal supervisor's call to Hall denying the benefit and promising a long and bumpy fight to get it.

### KEY FACTS REGARDING THE HALLS

10.     Plaintiffs incorporate and re-allege herein all other allegations of this complaint.

11.     BNSF is one of the larger railroads in the United States, moving goods by train on a railway that comprises 32,000 miles of track in 28 States on which freight cars, locomotives and trains are sent throughout the railway system from one location to another nationwide.

12.     The entire BNSF railway constitutes one enterprise under the Equal Pay Act.

13.     BNSF has some 13 divisions which are groupings of employees; the freight and cars and trains go from division to division, but not the employees.

14.     The NW Division includes the part of the railway in Northern California, Oregon, Idaho, Washington, Idaho and Montana.

15.     Michael Hall and Amie Garrand are employed in the NW Division.

16.     BNSF manages the employees in the NW Division out of its offices at 2454 Occidental Avenue South in Seattle, plus other management offices at 1000 Second Avenue suite 3700, Seattle, and terminal yards in Seattle, including the one where the supervisor called Michael Hall, and BNSF has its principal place of business in the State of Washington in Seattle, in King County Washington.

17.     BNSF manages the entire railway train operation from Forth Worth, Texas. Employees are managed out of the divisions.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 4

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

18.     Michael Hall was employed by BNSF starting in November 2010 and by 2013 he was working as a locomotive engineer; he chose to work for BNSF in part due to its stated antidiscrimination policy which bars discrimination based on sex and sexual orientation and other things.

19.     In 2013  Michael Hall worked in the Interbay Yard in Seattle and other BNSF locations in Seattle, and also drove mile long trains on three-day runs, from Auburn over Stampede Pass and through the Yakima Canyon to Pasco; the next day along the Columbia River to Vancouver, Washington; and the next day north to Auburn or Seattle.

20.     Typically Michael Hall's trains included empties or grain or coal cars, or Z trains which are high priority container double stack trains carrying semi-trailers with freight, like Fed Ex or UPS freight, grain or coal; much of this freight arrived or was destined for the Port of Seattle terminals in Seattle.

21.     In 2013, and other recent years, BNSF has had married employees who were opposite sex married; and, increasingly, some who were same-sex legally married as same=sex marriage has become legal in certain states and jurisdictions.

22.     BNSF pays spousal health coverage throughout its enterprise where a male employee is married to a female spouse and where a female employee is married to a male spouse.

23.     Starting in early 2013, Michael Hall repeatedly requested that BNSF cover Elijah's health care costs.

24.     Michael Hall has provided documentation of marriage required by BNSF or its authorized agent for health care benefits, United Healthcare.

25.      BNSF has failed and refused to cover the health care costs of Michael Hall's legal spouse, Elijah Hall.

26.      This failure to pay is based solely on the fact Michael is male.

27.      If Michael Hall were female, married to a male, BNSF would pay him the spousal health coverage benefits as it does to all employees who are female married to male spouses, or males married to female spouses.

28.      BNSF pays in its enterprise many female employees the health care benefits concerning their male spouses, including many locomotive engineers who are female.

29.      BNSF has directly and through its apparent and authorized agent United Healthcare stated its reason for not covering Elijah is it has a "policy" that "marriage is one man, one woman"; although Michael Hall and Elijah Hall have explained many times this definition of marriage is not the law in Washington state, and Elijah is the spouse and husband of Michael Hall, factually, and legally.

30.      The one man/one woman definition of spouse used by BNSF to limit its liability to cover spousal health benefits amounts to a BNSF policy to discriminate against Michael Hall simply because he is male; under this policy, if he were a female married to Elijah, the benefit would be paid.

31.      Early in 2013 Michael Hall provided certified copies of his marriage certificate and other documentation to United Healthcare who explained to him he did not qualify for spousal benefits because BNSF Railway says that marriage is between one man and one woman.

32.      United Healthcare was possessed of actual and apparent authority to deal with Michael Hall and other employees, for BNSF, on such coverage issues and to speak for BNSF as to the reasons for denying coverage.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 6

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

33.     BNSF had directed Michael Hall and other employees to look to United Healthcare for coverage questions, and payment of the benefits.

34.     United Healthcare repeated to Michael or Elijah that BNSF policy is marriage is one man and one woman, i.e., it was BNSF policy that required the servicer United Healthcare to deny coverage to Michael Hall for his spouse Elijah.

35.     In June 2013, a federal law called "Defense of Marriage Act" was struck down by the US Supreme Court in *United States v. Windsor*, 570 U.S. __ (2013).

36.     Michael and Elijah again sought the benefit; United Healthcare told Michael Hall that BNSF tells them marriage is between one man and one woman; another employee of United Healthcare told Michael Hall that he worked for the BNSF Railway, and cannot do anything unless told by BNSF Railway to do so; Michael Hall then spoke to a supervisor at United Healthcare called Christy but she never called back despite promising to do so.

37.     In a later call United Healthcare referred the Halls to the BNSF law department.

38.     They called the law department in Fort Worth, Texas, in June 2013.

39.     On June 26, 2013 the law department promised Elijah Hall they would look into it and call back but it failed to do so. Elijah called the law department on June 27, 2013 and spoke to a law department employee named Tina who cut off his explanation and request to be covered, saying "we do it on our own time." Elijah Hall told her coverage was legally required and she is not above the law.  Tina referred Elijah Hall to another female employee (name unknown), who immediately said Hall had the "wrong number" when he mentioned same sex marriage.  He called back and got "Cathy" who put him off claiming she would take his number and call back. No one called him back.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 7

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

40.     Elijah Hall called United Healthcare again, whose representative refused to give her name, and who said marriage is between one man and one woman.  Elijah Hall explained that same sex legal marriage is valid and made him the legal spouse so coverage should be provided.  He asked where in the health care plan does it state marriage is one man, one woman.

41.     The representative falsely said the plan so provides, but in fact the plan booklet states any husband or wife is covered without limiting this to opposite-sex marriage. Copies of relevant pages of the plan are attached hereto as **Exhibit A**.

42.     The representative became rude and said that BNSF had sent them a memo after the Supreme Court ruling overturning DOMA, and then said, "let me read it to you."  She began reading a BNSF letter to United Healthcare directing United Healthcare to deny all spousal benefits for all same sex marriages in all areas where BNSF operates and has employees.

43.     Elijah Hall asked her name and she refused to give it, and though Hall got to talk to a supervisor named Vanessa, she did not resolve the issue.

44.     Michael Hall also called BNSF HR who refused to do anything.

45.     One BNSF HR representative on June 27, 2013 stated that BNSF was above the law, because they did not have to follow the federal laws.

46.     On July 8, 2013 at 10:24 AM, Elijah Hall sent an e-mail concerning the request to be covered to BNSF upper management including Chairman/CEO Matthew K. Rose; President and COO Carl Ice; Executive Vice President, Law and Secretary, Roger Nober; Kristen Smith; Vice President and Chief Human Resources Officer Riz Chand; Vice President and General Counsel Charles Shewmake; and Vice President and General Counsel, Regulatory Richard Weicher.   A true and correct copy of this e mail is attached as **Exhibit B** hereto.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 8

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

47.     Elijah Hall in this email protested the "ILLEGAL actions of BNSF Railway and their refusal to provide LEGAL spousal benefits" to legally married same sex couples.  He stated, "BNSF Railway AND United Healthcare have discriminated us. . . .Their health guide DOES NOT state that spouse is 1 man 1 woman, or someone of the opposite sex….couples in state[s] that recognize same-sex marriage will now be able to receive the same benefits as heterosexual couples  . . . **Large businesses that operate in multiple states will have to keep track of who lives under what jurisdiction. "**

48.     Elijah Hall also said "I have dealt with enough pain and suffering, headaches, etc. from their discrimination" and again requested coverage noting the legal marriage.

49.     Elijah Hall had in fact had headaches and much pain and suffering due to the discrimination, as did Michael Hall.

50.     No one got back to Elijah Hall in response to the July 8 email to top BNSF managers.

51.     Elijah Hall called United Healthcare July 8, 2013 and spoke to Cynthia Gray, who said she could not talk because she was "busy."  When he explained that United had denied coverage three times Gray hung up on him.

52.     In July 2013, Elijah Hall asked Debbie Trabold of United Healthcare to provide him with a copy of the letter in which BNSF told United Healthcare to deny spousal benefits to same sex couples, but she refused to do so.

53.     On July 10, 2013 both Michael and Elijah Hall called Pat Pitsch of BNSF Railway HR and discussed their legal marriage, request for benefits and BNSF's denial thereof. In response, she said there was "nothing" BNSF could do and stated that BNSF law department had said BNSF did not have to provide the coverage for same sex spouses.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 9

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

54.     She also said no change would be made until 2014, then changed that to 2015, and did not resolve the issue.

55.     On July 10, 2013 at 12:52 p.m., Elijah Hall again e mailed CEO Rose and the other BNSF managers he contacted on July 8th, stating "SHAME SHAME SHAME on you, BNSF Railway for allowing this discrimination and ILLEGAL actions to go on this long.  For a company that prides themselves for being a company built around diversity, and having a diversity department, YOU SURE DO DISCRIMINATE!"

56.     The e mail also stated "I spoke with Pat Pritsch, Director of BNSF Medical Benefits, BNSF Railway, and she more or less stated that BNSF Railway was indeed above the law."  A true and correct copy of this e mail is attached hereto as **Exhibit C.**

57.     BNSF is not above the law**.**

58.     On July 10, 2013 at 12:16 p.m. Michael called Marie Olson, Director of Administration of Transportation for BNSF's NW Division, and she called back at 2:16 p.m. from her personal cell phone at 406-390-0633; Michael discussed the issue, that he was being discriminated against in the denial of coverage, and since Olson she was on the diversity council, he wanted her to help him not be discriminated against. She said she would look into the issue.

59.     On July 10, 2013, in the evening, a BNSF supervisor named Benjamin Marx, the terminal manager in Seattle, Washington, called Michael Hall at his home while he was off duty, which was highly unusual and Marx was not someone Michael dealt with normally.

60.     Marx demanded to know if Michael Hall was making all these calls to everyone; Hall told him he was worried he be fired; Marx using a threatening tone told Michael Hall that he was "brave" to "take on" BNSF and that it was going to be a "long and bumpy battle."  Michael and Elijah Hall felt intimidated by this threatening call but continued to seek coverage.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 10

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

61.     On July 15, 2013 at 12:00 p.m. Michael Hall called Marie Olson's personal cell and left a message; he got no call back, and called again on July 16, 2013 at 6:24 p.m. and left her another message.

62.     On July 17, 2013 at 5:01 p.m. Marie Olson called Michael Hall from her personal cell, saying she had been too busy to get back to him; Michael Hall explained he was legally married and his Elijah should be covered and that BNSF was refusing to cover this benefit because it is a same sex marriage and they had been told the denial is because BNSF policy is marriage is one man one woman; Michael Hall asked her as a member of diversity council in a company with a nondiscrimination policy to solve the problem; and Olson said she was calling after work, on her personal cell, "I've been advised not to talk to you because it could cost me my job and my livelihood of working here"; and she said nothing could be done by the diversity council.

63.     In July 2013 after being requested, United Healthcare sent Michael Hall a written denial letter with a benefit booklet and pointed to the definition of eligible dependents in the booklet.

64.     As shown in Exhibit A, the booklet relied on by United Healthcare stated that a "wife" or "husband" is covered and does exclude spouses in a legal same-sex marriage.

65.     The BNSF policy to limit coverage to opposite sex marriages violates the plan's plain meaning: Elijah is Michael's husband, and should be covered under the plan.

66.     Michael Hall has appealed the denial of coverage to United Healthcare with repeated pleas to end the discrimination and denial of coverage, but it and BNSF have failed to properly respond, and have refused and failed to provide the coverage.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 11

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

67.     To this date BNSF has not responded to the July 8th and July 10th e mails sent to CEO Rose or other upper management, unless the threatening call made by Marx is a response.

68.     Elijah Hall has the human immunodeficiency virus, a slowly replicating retrovirus that may cause acquired immunodeficiency syndrome.

69.     On information and belief, defendant BNSF and United Healthcare know this.

70.     Elijah Hall's monthly medication costs are about $2,400.

71.     BNSF's gender based discrimination is forcing the Halls to lose benefits worth $2,400 a month.   Their economic damages grow monthly and are estimated at some $24,000 to date.

72.     The gender based discrimination also causes the Halls emotional distress which could adversely affect Elijah Hall's medical condition which also causes great emotional distress for the legally married couple.

**KEY FACTS REGARDING THE GARRANDS**

73.     Amie Garrand  has been employed at BNSF for about 12.5 years.  She has been an engineer and is currently a conductor.  She is in the NW Division which is operated out of Seattle in King County.

74.     Amie Garrand has several times requested that BNSF or United Healthcare cover the health care costs of her spouse, Carol Garrand, including costs the couple incurred relating to birth of a son by Carol after the marriage in 2013.  BNSF has failed and refused to cover the spousal health care costs, including through communications from United Healthcare, citing its policy that marriage is one man one woman.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 12

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

75.     This is discrimination based on Amie's sex as BNSF provides spousal health care coverage to male conductors or employees who are married to females and here is not providing the spousal benefit to Amie Garrand because she is female and not male.

76.     Amie Garrand called the BNSF Hotline, Legal Department and HR on June 26 and 28, 2013, seeking coverage for her spouse Carol and protesting the discriminatory refusal to cover her spouse and got no positive response.

77.     On June 28, 2013, Garrand spoke with BNSF Human Resources representative Ray Scott, who said they know about the issue and their lawyers were looking into it.  This did not resolve anything.

78.     On July 9, 2013 at 2:22 p.m. she called United Healthcare and again asked to add her wife Carol to the health plan and the representative told her no, because BNSF does not recognize same-sex marriage.

79.     On July 18, 2013 Amie Garrand called an employee named Katrina with BNSF who would not recognize her wife Carol or provide the coverage.

80.     On July 19, 2013 at 3:30 p.m. Amie Garrand called an employee named Monica at United Healthcare, who denied the coverage saying the benefit book states same sex marriage does not qualify as a dependent.

81.     This was untrue; the benefit book or plan states "Your wife" is covered and does not state "wife" excludes a same-sex wife.

82.     Monica then said BNSF won't let United Healthcare add Carol Garrand so Amie Garrand then talked with Felicia in the resolution department, who said she would send a denial of benefits letter.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 13

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

83.     On July 29, 2013 at 11:50 am Amie Garrand called BNSF Human Resources and spoke with Bob Apetz, who said BNSF would not cover a same-sex-married wife; Apetz was hostile and rude.

83.     Amie Garrand asked for his supervisor and left a message for supervisor Pat Pitsch who called Garrand July 31, 2013 at 2:25 p.m., saying BNSF would not provide the coverage and would not even consider coverage until 2015; Garrand told her this was blatant discrimination, and that the policy to not cover spouses was illegal; Pitsch said BNSF could do nothing.

84.     In July 2013 Amie Garrand asked her own terminal superintendent,  Chris Delargey,  to look into the issue and one month later he said he had no information for her; she protested the discrimination saying it would be "easier for me to get a sex change operation" than it would be for her to get the spousal benefit for her legal wife under the BNSF policy of not recognizing same sex marriage.

85.     On August 29, 2013 Amie Garrand called United Healthcare to put her spouse Carol on the insurance, and they again refused saying BNSF does not recognize same-sex marriage spouses, as dependents.

86.     On September 23, 2013 at 2:57 p.m. Amie Garrand called United Healthcare, citing new Department of Labor guidelines covered same-sex marriages and saying hers should be regarded just like any other marriage; the representative again refused to add the spouse.

87.     On September 23, 2013 at 3:58 p.m.  Amie Garrand called Pat Pitsch with BNSF Human Resources and left a message regarding the new DOL guidelines noting recognition of legal same-sex marriages.   Pitsch called back on September 24, 2013 at 7:22 a.m. and left a message saying those rules did not apply to BNSF.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 14

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

88.    On September 29, 2013 at 11:43 a.m. Amie Garrand called United Healthcare to add her new infant son to coverage and her wife, Carol.  They added the infant son but refused to cover Carol saying again BNSF only recognizes marriage as one man one woman.

89.    On September 30, 2013 Amie Garrand called United Healthcare seeking to add the spouse and again was refused.  On November 4, 2013, she called again, asking to add the spouse, and was again refused. On November 21, 2013 at 4:55 p.m. Garrand again called United Healthcare and spoke with an employee named Monica who said she remembered the last time Garrand spoke with her.  Garrand asked to add the wife and Monica said "no," nothing had changed, and she was not allowed to add the spouse because it is a same-sex marriage.

90.    The letter United Healthcare sent to Amie Garrand quoted the benefits plan but the portion quoted stated that the booklet's page 16 describing "eligible dependents" includes "Your wife or husband."  This language includes Amie's wife, Carol.  There was no language in the benefits booklet excluding same sex wives or husbands.

91.    BNSF is denying coverage for Carol Garrand because Amie Garrand is female; if Amie were male, BNSF would provide the coverage -- as it does to many thousands of male employees with female spouses.

92.    At times BNSF or United Healthcare told Garrand that a collective bargaining agreement forces them to deny coverage for Carol Garrand.  This was not true factually or legally.  The benefits plan said "Your wife or husband" is an eligible dependent and in any event excluding same-sex spouses is illegal pay discrimination based on the sex of the employee.  Union contracts are not a legal way to excuse or justify discrimination.

**CAUSES OF ACTION**

93.    Plaintiffs incorporate and re-allege herein all other allegations of this complaint.

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 15

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

94.     The denial of equal pay in the form of spousal health care benefits which BNSF is not paying or causing to be paid to Michael Hall respecting his husband Elijah based on Michael's sex violates the Equal Pay Act, 29 USC §206(d)(1).  The denial of equal pay in the form of spousal health care benefits which BNSF is not paying or causing to be paid to Amie Garrand regarding her wife Carol based on Amie's sex violates the Equal Pay Act, 29 USC §206(d)(1).

95.     BNSF is an employer within the meaning of the Act, with employees within the meaning of the Act, including engineers or conductors such as Hall and Garrand.  It has female engineers and conductors married to males for whom BNSF provides the benefit and male engineers and conductors married to females to whom BNSF provides the benefit.

96.     BNSF was and is an establishment directly engaged in interstate or foreign commerce or production of goods including handling goods and has and has had employees such as Hall and Garrand directly engaged in interstate and foreign commerce and handling or production of goods moving in interstate or foreign commerce.

97.     BNSF, Hall and Garrand and other engineers at BNSF directly use instrumentalities of interstate commerce and were engaged directly in interstate commerce, i.e., driving or moving trains across parts the national BNSF railway in Washington State, containing goods or trains or cars sent from or to various States or nations, in a flow of interstate and international commerce.

98.     BNSF employed Hall and also female engineers or conductors or employees in an establishment in jobs requiring substantially equal skill, effort and responsibility and performed under similar working conditions, surroundings and hazards. BNSF employed Garrand and also male engineers and conductors or employees

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 16

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

1  in an establishment in jobs requiring substantially equal skill, effort and responsibility

2  and performed under similar working conditions, surroundings and hazards.

3          99.      The establishment is the entire 28-State BNSF railway (or, alternatively is

4  the NW Division or subdivisions or yards where Michael Hall or Amie Garrand work).

5          100.     In said establishment(s), BNSF discriminated between plaintiff Michael

6  Hall, a male, and other employees who were female, who performed equal work on jobs

7  requiring equal skill, effort and responsibility and which are performed under similar

8  working conditions, by paying said females married to males spousal health benefits

9  while not paying males married to males the same benefit, including Hall.  In said

10 establishment(s), BNSF discriminated between plaintiff Amie Garrand, a female, and

11 other employees who were male, who performed equal work on jobs requiring equal

12 skill, effort and responsibility and which are performed under similar working

13 conditions, by paying said males married to females spousal health benefits while not

14 paying females married to females the same benefit, including Amie Garrand.

15         101.     Nationwide BNSF has thousands of engineers or conductors. The NW

16 Division has some 800 engineers and the Auburn Triangle route has some 35 engineers

17 and 35 conductors or 70 trainmen. In each part of the Railway, there are female

18 employees who are married to males, and who receive spousal health coverage; and male

19 employees married to females who receive spousal health coverage; while BNSF denies

20 the same benefit to males married to males, like the Halls, or females married to females,

21 like the Garrands.

22         102.     This discrimination in pay rates or benefits was pursuant to BNSF policy and

23 direction; was repeatedly ratified by BNSF, including its law and HR departments; and was not

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 17

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

justified by any seniority or merit system, or system which measures earnings by quantity or quality of production; or a differential based on any other factor other than sex.  The policy of "marriage is one man one woman" is not a distinction based on seniority or merit systems, or a system which measures earnings by quantity or quality of production; and is a differential based on the sex of the employee vis-a-vis his or her spouse.

103.    BNSF policy would be to pay the benefit to Michael Hall if he were female, not male; and it would be to pay the benefit to Amie Garrand if she were male and not female. The discrimination was and is based on sex.

104.    Said discrimination and unequal pay caused and proximately caused plaintiffs to suffer legal damages including economic loss, and emotional distress and pain and suffering. The economic loss of the Halls is estimated at $2,400 per month or some $24,000 to date; the economic loss to the Garrands is estimated as the cost of the birth of Carol and Amie's son, estimated as thousands of dollars.  Amounts will be proven at trial.

105.    The benefits not paid to plaintiffs are "wages" under the Equal Pay Act and 29 CFR § 1620.10  and 1620.11.

106.    The discrimination by BNSF complained of herein violates the Equal Pay Act §206(d)(1), §215(a)(1) and (2) and §216(b).

107.    The discrimination by BNSF complained of herein violates 29 CFR § 1620.11(b) providing "It is unlawful for an employer to discriminate between men and women performing equal work with regard to fringe benefits"; and subsection (d), providing that "It is unlawful for an employer to make available benefits for the spouses or families of employees of one gender where the same benefits are not made available for the spouses or families of opposite gender employees."

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 18

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

108.    BNSF is liable to Hall and Garrand in the amount of the unpaid benefits, plus "an additional equal amount as liquidated damages," and reasonable attorneys' fees, and costs of the action, under 29 USC § 216(b).

109.    BNSF is also liable to the same extent to other employees in its establishment who are similarly situated and suffer similar discrimination and who consent to be plaintiffs in this action.  This includes similarly situated engineers or conductors, or other employees of BNSF, who were married legally in same sex marriages who are denied the benefit based on the one man one woman policy.

110.    On information and belief, this group may include hundreds or thousands of same-sex-married BNSF employees who are being denied equal pay for equal work via the denial of the spousal health care benefits based on the sex of the BNSF employee vis-à-vis the sex of his or her legally married spouse.

111.    The suit under the Equal Pay Act is ripe now and plaintiffs are suing under that Act because those claims are ripe.  The plaintiffs intend to amend this suit as soon as practicable to add claims under other acts, for denied ERISA benefits, and for other discrimination under federal and state laws, when such other claims become ripe or actionable following certain agencies' issuance of denial letters or other responses to plaintiff's complaints made or to be made and/or following United Healthcare's formal resolution of internal appeals.

**PRAYER FOR RELIEF**

NOW, THEREFORE, plaintiffs pray for the following relief:

1.    For a judgment in an amount for actual and liquidated damages, to be proven at the time of trial; plus costs, attorneys' fees, pre and post judgment interest, and  any punitive damages as allowed by law;

COMPLAINT FOR NONPAYMENT OF
WAGES UNDER EQUAL PAY ACT - 19

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385

2.      For a judgment and order enjoining defendants from continuing the discrimination complained of herein, and decreeing BNSF shall pay the benefit sought herein to any legal wife or any legal husband, regardless of the sex of the BNSF employee; and

3.      For such other relief as the Court may deem equitable and proper.

DATED this 3d day of December, 2013.

CLEVELAND STOCKMEYER PLLC


By:___/s/ Cleveland Stockmeyer _____
        Cleveland Stockmeyer WSBA # 21636
8056 Sunnyside Ave. N
Seattle, WA 98103
(206) 419-4385
Email: cleve@clevelandstockmeyer.com
Attorney for Plaintiffs



BADGLEY MULLINS TURNER PLLC
By:       s/  Duncan C. Turner_____
        Duncan C. Turner, WSBA #  20597

4750 Columbia Center
701 Fifth Avenue
Seattle, Washington, 98104
Telephone:  (206) 621-6566
Email:  duncanturner@badgleymullins.com

Attorney for Plaintiffs

**Cleveland Stockmeyer PLLC**
8056 Sunnyside Ave. N.
Seattle, WA 98103
(206) 419-4385