UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL HALL, and ELIJAH UBER a/k/a Elijah Hall, and their marital community; and AMIE GARRAND and CAROL GARRAND and their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>Defendant. | CASE NO. C13-2160 RSM<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and/or 12(b)(1). (Dkt. #16). Defendant argues that, accepting all factual allegations as true, Plaintiffs' claims fail on the merits for a number of reasons, but primarily because federal law does not provide protection against discrimination on the basis of sexual orientation. Plaintiffs respond that Defendant has misconstrued and mischaracterized their claims, and they have demonstrated on the face of the Amended Complaint that they have valid federal and state claims based on sex discrimination. Dkt. #20.  Amicus curiae Lambda Legal Defense joins Plaintiffs' opposition to the motion

ORDER
PAGE - 1

pertaining to the Title VII and EPA claims for similar reasons. For the reasons set forth below, the Court agrees in part with Plaintiffs and DENIES IN PART and GRANTS IN PART Defendant's motion to dismiss.

## II.     BACKGROUND

BNSF Northwest Division employees Michael Hall and Amie Garrand legally married their respective same-sex partners in Washington State in 2013. Collectively, Mr. Hall and Ms. Garrand and their spouses are the Plaintiffs in this matter. When Mr. Hall married his partner, Elijah Uber, he (Hall) sought health benefits for him (Uber) under his employer's health plan. Defendant denied coverage on the basis that its plan defined marriage as between one man and one woman and therefore provided coverage only for spouses of the opposite sex. After getting married, Amie Garrand sought health care coverage for her partner, Carol Garrand, as well. Defendant denied coverage for Carol for the same reasons. Defendant has since voluntarily provided coverage for same-sex spouses, effective January 1, 2014, and Plaintiffs do not deny that they have received health benefits since that date.

Plaintiffs now assert claims under the Equal Pay Act ("EPA"), the Employment Retirement Income Security Act ("ERISA"), and Washington's Law Against Discrimination ("WLAD") based on Defendant's failure to cover same sex spouses in the time period between the dates of their marriage and January of 2014. Dkt. #8. Defendant Michael Hall also asserts a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") on the basis of sex discrimination.[1]  *Id.*  On this motion, Defendant seeks to dismiss the Amended Complaint in its entirety.

---

[1] Amie Garrand has not asserted such a claim only because she has not yet received a right-to-sue letter from the EEOC, but states that she may assert such a claim once that letter is provided. Dkt. #20 at 2, fn. 1.

ORDER
PAGE - 2

### III. DISCUSSION

**A. Standards of Review**

*1. Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

Thought the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of and considers herein Defendant's Summary Plan Description ("SPD") and other documents attached to or referenced in the Amended Complaint. Dkts. #8, Ex. 1 and #17, Exs. 1-4. The Court may properly take judicial notice of documents such as these whose authenticity is not contested and which Plaintiffs have relied on in their Amended Complaint.[2] *Swartz*, 476 F.3d at 763; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations and alterations omitted).

---

[2] The Court also considers the Declaration of A. Kenneth Gradia and the Exhibits thereto to the extent they provide jurisdictional evidence in support of Defendant's 12(b)(1) motion. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

ORDER
PAGE - 3

*2. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, this Court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id*. "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). Defendant asserts a facial challenge to certain claims in the Amended Complaint under 12(b)(1).

**B. Mr. Hall's Title VII Claim**

Michael Hall alleges that Defendant violated Title VII by discriminating against him on the basis of his sex. Dkt. #8 at ¶ ¶ 112-116. Specifically, Mr. Hall alleges that he "is a male properly performing his job, who experienced adverse employment action in the denial of the spousal health benefit, due to his sex, where similarly situated females were treated more favorably by getting the benefit. If Michael Hall were female, the benefit would be provided; BNSF provides it to female employees who are married to males but denied it to Hall who is married to a male." *Id.* at ¶ 114. Defendant argues that this claim fails as a matter of law

ORDER
PAGE - 4

because Mr. Hall is really alleging a claim of discrimination based on his sexual orientation, not his sex, which cannot be maintained under Title VII.  Dkt. #16 at 9-11.  While acknowledging that it is often difficult to distinguish sex discrimination claims made by people identifying as homosexual from those claims based solely on alleged sexual orientation discrimination, the Court disagrees with Defendant's interpretation of the instant claims.

As an initial matter, Mr. Hall's Amended Complaint sets forth, *inter alia*, the following factual allegations, which clearly frame his Title VII claim as one based on sex:

> ¶ 7.  Michael Hall and Elijah Uber (also known as Elijah Hall and referred to herein as Elijah Hall) are males residing in Pierce County, Washington who legally married in Washington State on January 21, 2013. . . .  Michael Hall . . . [is a] BNSF employee[].
>
> 22.  BNSF pays spousal health coverage throughout its enterprise where a male employee is married to a female spouse and where a female employee is married to a male spouse.
>
> 23.  Starting in early 2013, Michael Hall repeatedly requested that BNSF cover Elijah's health care costs.
>
> 24. Michael Hall has provided documentation of marriage required by BNSF or its authorized agent for health care benefits, United Healthcare.
>
> 25. BNSF has failed and refused to cover the health care costs of Michael Hall's legal spouse, Elijah Hall.
>
> 26. This failure to pay is based solely on the fact Michael is male.
>
> 27. If Michael Hall were female, married to a male, BNSF would pay him the spousal health coverage benefits as it does to all employees who are female married to male spouses, or males married to female spouses.
>
> 28. BNSF pays in its enterprise many female employees the health care benefits concerning their male spouses, including many locomotive engineers who are female.
>
> 29. BNSF has directly and through its apparent and authorized agent United Healthcare stated its reason for not covering Elijah is it has a "policy" that "marriage is one man, one woman"; although Michael Hall and Elijah Hall have explained many times this definition of marriage is not the law in

ORDER
PAGE - 5

>Washington state, and Elijah is the spouse and husband of Michael Hall, factually, and legally.
>
>30. The one man/one woman definition of spouse used by BNSF to limit its liability to cover spousal health benefits amounts to a BNSF policy to discriminate against Michael Hall simply because he is male; under this policy, if he were a female married to Elijah, the benefit would be paid.

Dkt. #8 at ¶¶ 7 and 22-30.

Defendant tries desperately to cast these allegations solely in terms of sexual orientation, emphasizing that Plaintiffs are comparing "only *homosexual* men to *heterosexual* women (and vice versa)." Dkt. #16 at 11 (emphasis in original). This reading not only ignores the plain language of the Amended Complaint, it improperly restricts the class of employees affected by the policy at issue in which Plaintiff Michael Hall is a member. But a careful reading of the Amended Complaint, construed in favor of the Plaintiff as the non-moving party, demonstrates that Plaintiff alleges disparate treatment based on his sex, not his sexual orientation, specifically that he (as a male who married a male) was treated differently in comparison to his female coworkers who also married males.

Ninth Circuit Judge Stephen Reinhardt, writing for the Ninth Circuit Judicial Council, concluded the same in a nearly identical dispute involving the denial of benefits to the same-sex partner of a male federal public defender. *In re Levenson*, 537 F.3d 925 (9th Cir. 2009). Judge Reinhardt explained:

>As I stated in my previous order, the denial of Levenson's request that Sears be made a beneficiary of his federal benefits violated the EDR Plan's prohibition on discrimination based on sex or sexual orientation. Levenson was unable to make his spouse a beneficiary of his federal benefits <u>due solely to his spouse's sex</u>. If Sears were female, or if Levenson himself were female, Levenson would be able to add Sears as a beneficiary. Thus, the denial of benefits at issue here was sex-based and constitutes a violation of the EDR Plan's prohibition of sex discrimination.

ORDER
PAGE - 6

*Id.* at 929 (emphasis added).  While Judge Reinhardt found alternatively that the denial of benefits to Mr. Levenson's partner had also constituted discrimination based on sexual orientation, he specifically recognized the primary sex-based discrimination claim.

Other federal courts have reached similar conclusions.  In *Heller v. Columbia Edgewater Country Club*, 195 F. Supp.2d 1212 (D. Or. 2002), a lesbian sued her employer alleging a discriminatory termination of employment under Title VII.  Specifically, she alleged that, after learning the plaintiff was a lesbian, the plaintiff's supervisor began subjecting her to harassing comments about her sexual orientation.  *Heller*, 195 F. Supp.2d at 1217-1219.  The supervisor ultimately terminated the plaintiff after she complained about the harassing behavior.  After the plaintiff sued, the employer moved for summary judgment arguing that Title VII was inapplicable because the claim was based on sexual orientation discrimination not sex discrimination.  *Id.* at 1222.  The Court disagreed, explaining:

> Nothing in Title VII suggests that Congress intended to confine the benefits of that statute to heterosexual employees alone. Rather, Congress intended that all Americans should have an opportunity to participate in the economic life of the nation. . . . . A jury could find that [the supervisor] would not have acted as she (allegedly) did if Plaintiff were a man dating a woman, instead of a woman dating a woman.  If that is so, then Plaintiff was discriminated against because of her gender.

*Id.* at 1222-23.

Likewise, in *Foray v. Bell Atlantic*, 56 F. Supp.2d 327, 329 (S.D.N.Y. 1999), the employee plaintiff alleged that an employee benefits policy designed to provide certain employees in same-sex relationships with coverage equivalent to that enjoyed by married employees was actually unlawful discrimination against him on the basis of sex under Title VII.  Plaintiff (a heterosexual male) alleged that the employer had discriminated against him because "all things being equal, if [the plaintiff's] gender were female, he would be entitled to

ORDER
PAGE - 7

claim his domestic partner as an eligible dependant under the benefits plan." The defendant employer moved to dismiss the claim under Rule 12(b)(6). The court ultimately dismissed the Title VII claim, but not because there was any question as to whether the Complaint alleged sex discrimination or sexual orientation discrimination. *Id.* at 329-30. Indeed, both the Equal Employment Opportunity Commission and the Court appear to have accepted the Title VII claim as one based on sex, not sexual orientation. *Id.*

While the Court makes no comment with respect to the validity of Plaintiff Hall's Title VII claim in the instant matter, it does find that Plaintiff has satisfied the initial burden of stating a claim that is plausible on its face. Accordingly, the Court denies Defendant's motion to dismiss the Title VII claim.

### C. Plaintiffs' Equal Pay Act Claim

Defendant next moves to dismiss Plaintiffs' EPA claims for essentially the same reasons it has moved to dismiss Mr. Hall's Title VII claim. Dkt. #16 at 12-13. Significantly, Defendant has also acknowledged that "the Equal Pay Act's substantive protections are a subset of Title VII's, and as to sex discrimination, they are co-extensive." Dkt. #16 at 12. Accordingly, for the same reasons set forth above, the Court finds that Plaintiffs have satisfied their initial burden of stating an EPA claim that is plausible on its face, and denies Defendants' motion to dismiss those claims.

### D. ERISA Preemption

Defendant next argues that Plaintiffs' claims under the WLAD should be dismissed because they are preempted by Section 514(a) of ERISA, which provides that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." Dkt. #16 at 14 (quoting 29 U.S.C. § 1144(a)). Defendant notes that "the

ORDER
PAGE - 8

ERISA preemption analysis for a state antidiscrimination law turns on 'whether employment practices [that] are unlawful under a broad state law . . . are prohibited by Title VII. If they are not, the state law will be superseded. . . .'" Dkt. #16 at 15 (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 105-06 (1983)). Defendant then engages in the three part analysis for determining ERISA preemption and argues that because the conduct is not prohibited under Title VII and the EPA, the state law claims must be preempted. Dkt. #16 at 15-16. However, Defendant's arguments are based on its faulty assertions that Plaintiffs do not have valid sex discrimination claims under Title VII or the EPA. As discussed above, this Court finds that Plaintiffs have met their initial burden of making plausible Title VII and EPA claims. Accordingly, the Court also declines to dismiss Plaintiffs' WLAD claims as preempted at this stage of the matter.

**E. Claims Subject to RLA Arbitration**

Defendant next moves to dismiss the Fifth Cause of Action in the Amended Complaint on the basis that it is subject to arbitration under the Railway Labor Act ("RLA"). Under the Fifth Cause of Action, Plaintiffs assert claims for benefits under ERISA. Dkt. #8 at ¶¶ 123-131. Defendant alleges that this cause of action constitutes a dispute over the interpretation and application of the terms of a collectively-bargained health plan, jurisdiction over which lies exclusively with an arbitrator pursuant to the RLA. Dkt. #16 at 17-20. Plaintiffs agree that disputes rooted firmly in collective bargaining agreement terms, both major and minor, fall within the exclusive jurisdiction of an arbitrator. However, Plaintiffs respond that their ERISA claims have three bases independent from and outside of the terms of the plan at issue, and therefore proper jurisdiction lies within this Court. Dkt. #20 at 17-20. The Court is not persuaded by Plaintiffs.

ORDER
PAGE - 9

A review of Plaintiffs' ERISA claims as alleged in the First Amended Complaint's Fifth Cause of Action reveals the following basis for the claims:

> The 2013 denial of the spousal health benefit to plan participant Michael Hall and beneficiary Elijah Hall and to plan participant Amie Garrand and beneficiary Carol Garrand <u>violated the terms of the plan which provided that the benefit was to be paid to the employee's "wife or husband."</u> This violates ERISA. The denial of benefits was deliberate, intentional and malicious and constitutes an abuse of discretion or was an arbitrary and capricious denial of rights under the plan. The ongoing position that the benefit need not legally be paid constitutes an ongoing violation of the plan and ERISA.

Dkt. #8 at ¶ 125 (emphasis added). The remainder of the allegations related to this cause of action pertain to jurisdiction and alleged damages. *See* Dkt. #8 at ¶¶ 123-131. While Plaintiffs now try to characterize the claims as alleging interference, breach of fiduciary duty, or a violation of the Equal Protection Clause, there are no such allegations set forth in support of the Fifth Cause of Action. Nowhere under the Fifth Cause of Action do Plaintiffs discuss alleged interference with vested rights, who held a fiduciary duty and how it was breached, or how the facts in the Amended Complaint support an Equal Protection Claim. *Id.* Accordingly, the Court agrees with Defendant that jurisdiction over the Fifth Cause of Action, as currently alleged, lies with an arbitrator and not this Court, and therefore the claim is dismissed for lack of jurisdcition.

### F.  Plaintiffs' Prospective Claims

Finally, Defendant moves to dismiss Plaintiffs' claims for prospective relief as moot based on the fact that it now provides health benefits for same-sex spouses effective January 1, 2014. (Dkt. #16 at 21-23). Defendant further asserts that the cessation of such benefits is not likely to reoccur because the changes to the plan were made through collective bargaining with the unions that represent the railroads' employees and Defendant is prohibited from unilaterally

ORDER
PAGE - 10

changing the coverage except through the collective bargaining process. *Id.* Defendants appear to misconstrue Plaintiffs' claim for prospective relief. Plaintiffs seek, *inter alia*, an Order determining whether health benefits for same-sex spouses in states where same-sex marriage is legal are mandated under current law and directing Defendant to provide health benefits to such same-sex spouses as a matter of right in the future. Because Plaintiffs have alleged plausible federal and state claims as discussed above, the Court cannot find at this time that their claims for such prospective relief are moot. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's prospective claims.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant's Motion to Dismiss (Dkt. #16) is GRANTED IN PART and DENIED IN PART as set forth above.

2) Plaintiff's Fifth Cause of Action is DISMISSED for lack of jurisdiction. The remainder of Plaintiffs' claims survive Defendant's motion to dismiss.

DATED this 22 day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 11